**Luis B. CANTU and wife Amelia Chavez Cantu, Plaintiffs,**

**v.**

**Jeffrey L. STIEF, Individually and d/b/a Southwest Energy, Defendant.**

**No. SA–84–CA–1050.**

United States District Court, W.D. Texas, San Antonio Division.

Nov. 7, 1984.

Benjamin F. Walker, San Antonio, Tex., for plaintiffs.

Marvin L. Cook of the law firm of Tracy & Cook, San Antonio, Tex., for defendant.

## ORDER

H.F. GARCIA, District Judge.

On this day came on to be considered defendant's motion for summary judgment,

---

and plaintiffs' response thereto. This is a Truth-in-Lending Act case brought by plaintiffs for damages and penalties and for rescission of a consumer credit transaction and cancellation of a security interest on their home. The Court, having considered the pleadings, evidence and argument of counsel, is of the opinion the motion should be granted.

On or about January 12, 1984, plaintiffs and defendant entered into a contract whereby defendant was to make certain improvements to plaintiffs' home for a contract price of $8,000.00; a security interest in plaintiffs' home was created. Subsequently, during the performance of the contract, various disputes arose between the parties resulting in discontinuance of work. By document dated April 16, 1984, plaintiffs sought to cancel the contract pursuant to Title 15 U.S.C. Section 1635. Defendant rejected the rescission effort and this lawsuit ensued.

Section 1635 provides an obligor with a right to rescind within three days a consumer credit transaction in which a security interest is retained in his or her home. The right to rescind extends to midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under section 1635 together with a statement containing the required material disclosures. It is plaintiffs' position that an omission in the "Notice of Right to Cancel" extended the time within which they could exercise their option to rescind. Specifically, plaintiffs argue that the notice fails to identify the transaction as required by Title 12 C.F.R. Section 226.23(b). Section 226.23(b) also demands five disclosures which defendant's notice undisputably contains. The blank at the top of the form for identification of the transaction is empty.

Section 226.23 supplanted section 226.-9(b) which contained the necessary rescission form. The identifying information required by section 226.9(b) was the name and business address of the creditor, the date of consummation of the transaction and the latest date for rescission. A spe-

cific form is not required under section 226.23, but model forms are included in the regulations. The rescission model form appears in appendix H–8 of part 226 of the regulations. The rescission form supplied to and signed by plaintiffs is word-for-word the same as the model form. The only identifying information required by the model form is the date of the transaction, the creditor's name and business address, the date for rescission, the customer's signature and the current date. All of this information appears on plaintiffs' rescission notice. Title 15 U.S.C. Section 1604(b) provides that the Federal Reserve Board shall publish model disclosure forms to facilitate compliance with the disclosure requirements. While a creditor need not use the model forms, he shall be deemed to be in compliance with the disclosure provisions if he does.

Defendant did use the proper rescission form, containing all of the required information and disclosures. As a matter of law, he has complied with section 1635 of the statutes and section 226.23 of the regulations. Plaintiffs' argument is additionally foreclosed by the Official Staff Interpretations found at Supplement 1 to part 226 of the regulations. In the discussion of section 226.23(b), it is specifically stated that the requirement that the transaction be identified may be met by providing the date of the transaction. This was included on the rescission form given to plaintiffs. The rescission form fully met all of the pertinent disclosure requirements. Plaintiffs' attempt to rescind the transaction three months after its consummation and receipt of the rescission notice is ineffective. Defendant is entitled to judgment as a matter of law.

It is therefore, ORDERED that defendant's motion for summary judgment be, and it hereby is, GRANTED.